

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
525 MAGOFFIN AVE.
EL PASO, TEXAS 79901
(915) 534-6736

Chambers Of
**PHILIP R. MARTINEZ**
United States District Judge

1/27/2015

| | |
|---|---|
| Robert Ramos | Rifian S. Newaz |
| 1145 E. Rio Grande Avenue | U.S. Attorney's Office |
| El Paso, TX 79902 | 700 E. San Antonio, Suite 200 |
| | El Paso, TX 79901 |

## TRIAL LETTER

Re:  *United States v. Reza*
No.  14-CR-1646-PRM

Counsel:

You currently have jury selection and trial scheduled for **March 2, 2015**. Counsel is advised that, unless otherwise ordered by the Court, all pretrial motions and related matters will be heard by the Court **30 minutes before** the scheduled start time; all parties and attorneys of record must attend this pretrial hearing. This letter is sent to inform you of courtroom practices and procedures. It is therefore advisable that counsel review the following information carefully:

### A.  Plea Deadlines

The Court recognizes that it is within the Government's discretion to determine when and if plea negotiations will be conducted. However, for purposes of the deadlines stated herein and given the Court's sizable docket and the need for efficient management of resources, leave of Court is required to file plea agreements **after February 13, 2015, at 5:00 p.m.**[1]

---

[1] Nothing herein should be construed as a requirement that a plea agreement be offered.

The Court will also require the defendant to meet the following deadlines if the defendant intends to plead guilty in order to receive the adjustment for acceptance of responsibility. In a case where a plea agreement will be filed, the Court will require that said plea agreement be filed **no later than February 20, 2015, at 5:00 p.m.** In a case where no plea agreement will be filed, the Court will require the defendant to give written notice to the Court of the defendant's intent to plead guilty **no later than February 20, 2015, at 5:00 p.m.**, and to complete the plea hearing before the scheduled date of jury selection. If the defendant fails to meet these requirements, the defendant will not receive the adjustment for acceptance of responsibility. If the defendant decides to enter a plea of guilty, please fax a written request for a plea setting to chambers (915-534-6715) by **no later than February 20, 2015, at 5:00 p.m.**, so that the Court may provide you with a plea date.

B. **Pretrial Submissions**

Should the case proceed to trial, the Court requires that any questions, instructions that can be reasonably anticipated, and any and all matters that you wish the Court to consider be filed **no later than February 13, 2015, at 12:00 p.m.** If the Court is to make a determination on an issue, or if counsel wishes to submit a document for the record, the relevant materials should be electronically filed; otherwise, each party must provide the Court with the following information via email to the Court's law clerks:

(1) **Any** and **all** motions, including motions for continuance of trial date and motions in limine (no additional motions will be considered without leave of the Court);
(2) A list of finalized stipulated facts, if any;
(3) The Government must provide a list identifying each exhibit (except those to be used for impeachment only). The Defense may provide a list of the same, but submitted under seal and ex parte;
(4) The Government must provide a list containing the names of each witness it might call during its case in chief. The Defense must provide a list of the same, but submitted under seal and ex parte;
(5) Specific sections of the Fifth Circuit Pattern Jury Charge (referenced by the corresponding section number, e.g., 1.04)[2] and the full text of any non-Fifth Circuit Pattern Jury Charge section including an appropriate citation, that the parties propose that the Court consider;
(6) A proposed list of voir dire questions;
(7) An estimate of the length of trial; and
(8) In non-jury trials, Proposed Findings of Fact and Conclusions of Law.

---

[2] If the parties wish for the Court to consider information in the "Notes" section of a pattern charge, they must include the full text of the "Notes" with their proposed instructions.

### C. Daily Schedule

The Court may conduct proceedings until late in the evening and on weekends. As such, counsel should be prepared to present evidence after normal business hours. In any event, the Court will endeavor to inform the parties in advance if testimony will be heard past 6:00 p.m. or on weekends.

### D. Voir Dire

In some cases, the Court may allow the parties to address the jury panel. In such cases, the parties must remain at the lectern and may not approach the panel, nor may they invite any panel member to participate in a hypothetical scenario that requires them to place themselves in a situation similar to any party.

### E. Opening Statements

The Court will limit opening statements to about ten minutes per side. Only in special circumstances (for example, multiple plaintiffs or defendants) will the Court consider allowing additional time for opening statements.

### F. Exhibits

Counsel should have exhibits organized in an appropriately tabbed binder. Counsel should prepare five separate binders: one each for the Judge, the court reporter, the law clerk, the witness stand, and opposing counsel (in addition to the exhibits submitted for the record). Counsel should also include a list of all exhibits with a space to mark whether or not the exhibit was offered and whether or not it was admitted. Keep in mind that, due to the availability of exhibit monitors for the Judge and the witness, the Court will **rarely allow** approaches to the witness during the proceedings. Also, all exhibits should be suitable in size and/or format to be presented on the exhibit monitors.

The Court uses the Jury Evidence Recording System ("JERS") in the courtroom. This application works in conjunction with the courtroom evidence presentation equipment by allowing the Court to capture and release to the jury admitted evidence that is presented by attorneys during a jury trial. Upon completion of evidence presentation by the parties, the Court will release the admitted exhibits to the jurors in the jury deliberation room where they can view the admitted exhibits using a touch screen monitor. In addition to preparing exhibit binders, **counsel should submit exhibits electronically prior to the beginning of jury selection** by using the attached JERS Exhibit Submission Requirements document as a reference on how exhibit files should be formatted to allow for an electronic batch import of the exhibits.

### G.     <u>Control of Proceedings</u>

The Court maintains complete control over courtroom proceedings. **Bench conferences will be held to a minimum**. The parties should anticipate matters that need to be raised before trial and should consult immediately with the law clerk so as to allow the Court time to accommodate hearing such matters. If counsel asks for "one more question" of a witness, the Court will allow that and no more. If counsel makes a prediction regarding when he or she will close, the Court may enforce that prediction.

If you have any questions, please feel free to contact my law clerk at (915) 534-6736 or LawClerk_Martinez@txwd.uscourts.gov.

                              Sincerely,

                              Philip R. Martinez
                              United States District Judge

PRM: jl
cc:     George Castro
       *VIA EMAIL*
       George_Castro@txwp.uscourts.gov