UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | Criminal No. EP-14-CR-01646-PRM |
| **VICTOR JEROME REZA,** | § § | |
| **Defendant.** | § § § | |

## GOVERNMENT'S REQUEST FOR A DAUBERT HEARING CONCERNING THE ADMISSIBILITY OF EXPERT TESTIMONY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the United States of America, by and through its United States Attorney for the Western District of Texas, and respectfully requests this Court set a *Daubert* hearing to test the evidentiary reliability and relevance of Tami Loehrs' findings and techniques and her qualifications as an expert in the relevant field.

At the time of filing, Defendant has not given notice of an expert witness nor as Defendant provided the Government with reports from any expert. However, the Government is aware that Defendant hired Tami Loehrs to conduct an independent forensics analysis on the Government's evidence. Moreover, the Government is aware that Ms. Loehrs has previously been called to testify as an expert in cases such as this throughout the country to include the Western District of Texas. Thus, the Government files this motion in anticipation of Defendant giving notice of its intent to call Ms. Loehrs as an expert.

Pursuant to *Daubert*, Rule 702 requires trial courts act as "gate-keepers," by making a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the

facts in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592-93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Overall, to be admissible, expert testimony must be both relevant and reliable. *Daubert* at 509 U.S. at 589. The proponent of an expert's testimony need not prove the proposed testimony is factually correct, but must prove by a preponderance of the evidence that the testimony is reliable. *Paz v. Brush Engineered Materials Inc,* 555 F.3d 383 (5th Cir. 2009), citing *Moore v. Ashland Chem. Inc.,* 151 F.3d 269, 275 (5th Cir. 1996); *Bocanegra v. Vicmar Services Inc.,* 320 F.3d 581, 584 (5th Cir. 2003), citing *Moore,* 151 F.3d at 276.

In *Daubert,* the Supreme Court listed factors that courts may use in evaluating the reliability of experts. These factors include whether the expert's theory or technique: (1) can or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in the relevant scientific community. *Pipitone v. Biomatrix, Inc.,* 288 F.3d 239, *244 (5th Cir.2002),* citing *Daubert,* 509 U.S. at 593-94; *see also Moore* 151 F.3d at 275. In *Kumho,* the Supreme Court emphasized that the *Daubert* analysis is "flexible" and that the "factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue." *Pipitone,* 288 F. 3d at 244, citing *Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 150, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).* The District Court must however, "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Pipitone,* 288 F. 3d at 244, citing *Kumho,* at 152, 119 S.Ct. 1167. If they do not, the expert's evidence is inadmissible, no matter how imposing their credentials. *See Rosen v. Ciba Geigy Corp.* 78 F.3d 316 (7th Cir. 1996). A district court must examine the expert's conclusions to determine if they could reliably flow from the facts known to the expert. *See Heller v. Shaw Industries Inc.,* 167 F.3d 146 (3d Cir. 1999).

WHEREFORE, for the foregoing reasons, the Government requests that the Court conduct a hearing regarding the testimony of Tami Loehrs outside the presence of the jury before Ms. Loehrs is allowed to testify in this case.

Respectfully submitted,

RICHARD L. DURBIN, JR.
ACTING UNITED STATES ATTORNEY

BY: __/s/ Rifian Newaz_____
RIFIAN NEWAZ
Assistant U.S. Attorney
Texas Bar # 24046519
700 E. San Antonio, Suite 200
El Paso, Texas  79901
(915) 534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th of February, 2015, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Robert Ramos
Attorney at Law
1145 E. Rio Grande Avenue
El Paso, TX 79902
(915) 545-1175
Fax: 915/545-1313
Email: rramosatty@sbcglobal.net

__/s/ Rifian Newaz_____
Rifian Newaz
Assistant United States Attorney